## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

VERNON OLSON,                                    Civ. No. 07-3762 (ADM/FLN)

       Plaintiff,

v.                                              **REPORT AND RECOMMENDATION**

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

---

Plaintiff filed a Complaint with this Court on August 21, 2007, and subsequently filed an Amended Complaint.[1]  Plaintiff seeks judicial review based on a letter, dated August 3, 2007, that he received from the Social Security Administration Appeals Council (hereinafter "Appeals Council.")  This action is now before the Court on Defendant's motion to dismiss for lack of jurisdiction, or based on res judicata.  (Docket No. 39).  Plaintiff has filed a motion for summary judgment (Docket No. 27) and a motion to compel (Docket No. 43).   Plaintiff appears pro se.  Defendant is represented by Lonnie F. Bryan, Assistant United States Attorney.  For the reasons stated below it is recommended that Defendant's motion to dismiss be granted.

## I.   PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits on March 18, 2002.[2]  After a hearing, an

---

[1]     Hereinafter, any reference to the Complaint refers to the Final Amended Complaint, Docket No. 24.

[2]     Report and Recommendation at 2, Docket No. 106, <u>Olson v. Astrue</u>, Civil Action No. 04cv3016 (JMR/RLE) (D.Minn. July 11, 2006).

ALJ denied his claim in a decision dated December 11, 2003.[3]  Plaintiff sought review in federal

district court by filing a complaint on June 22, 2004.[4]  Plaintiff argued that the Social Security

Administration wrongly terminated his benefits in 1998, and erred by denying his March 2002

application for disability benefits.  On July 11, 2006, Chief United States Magistrate Judge

Raymond L. Erickson found that the Court lacked jurisdiction over Plaintiff's claim concerning

the termination of his benefits in 1998,[5] and recommended that the Commissioner's denial of

Plaintiff's March 2002 disability application be affirmed.[6]  The Report and Recommendation

was adopted by Chief United States District Judge James M. Rosenbaum, and judgment was

entered on October 2, 2006.[7]  Plaintiff filed a notice of appeal to the Eighth Circuit Court of

Appeals.[8]  Before the Eighth Circuit issued a decision, Plaintiff filed a motion to vacate in the

district court, which was denied.[9]

     While his appeal of the district court decision was pending, Plaintiff wrote to the Appeals

Council asking it to consider evidence that Chief Magistrate Judge Erickson had found to be new

---

[3]     Id. at 2.

[4]     Complaint, Docket No. 1, Olson v. Astrue, Civil Action No. 04cv3016 (JMR/RLE) (D.Minn. June 22, 2004).

[5]     Report and Recommendation at 31-36, supra, note 2.

[6]     Report and Recommendation at 62, supra, note 2.

[7]     Order, Judgment, Docket nos. 127, 128, Olson v. Astrue, Civil Action No. 04cv3016 (JMR/RLE) (D.Minn. Sept. 29 and Oct. 2, 2006).

[8]     Notice of Appeal, Docket No. 129, Olson v. Astrue, Civil Action No. 04cv3016 (JMR/RLE) (D.Minn. Oct. 12, 2006).

[9]     Motion to Vacate, Docket No. 143, Olson v. Astrue, Civil Action No. 04cv3016 (JMR/RLE) (D.Minn. Oct. 9, 2007).

and material, but determined would not have changed the ALJ's decision.  (Part Two of

Response to Motion to Dismiss, ¶¶ 7-8, Docket No. 44).  In response to Plaintiff's letter, the

Appeals Council stated:

> We have considered the additional evidence that was submitted in
> regards to the unfavorable Administrative Law Judge's decision of
> December 11, 2003 and the subsequent issuance of the October 2,
> 2006 district court order affirming that decision.  We found no
> reason under our rules to assume jurisdiction.

(Letter, Attachment to Amended Complaint.)  Under the heading "If You Disagree With the

Administrative Law Judge's Decision," the letter states,

> The court order that sent this case back to the Commissioner ended
> the Court's review of the earlier decision.  If you want a Federal
> district court to review the Commissioner's final decision after
> remand by the court, you must file a new civil action.
>
> If you do not ask for court review, the Commissioner's decision
> will be a final decision that can be changed only under special rules.

(Id. at 3-4.)  Subsequently, on October 23, 2007, the Eighth Circuit Court of Appeals dismissed

Plaintiff's appeal for failure to prosecute.[10]

## II.    DISCUSSION

Plaintiff contends the Appeals Council reopened his case, and their letter to him is the

basis for jurisdiction in this Court.  (Letter, Docket No. 49.)  Plaintiff also states that he reapplied

for benefits in 2004, and appealed the denial of that claim to the Appeals Council in September

2005.  (Letter, Docket No. 50).  Plaintiff asserts the letter from the Appeals Council "could be an

answer to that appeal," thus creating jurisdiction for review.  (Id.)  However, the letter from the

---

[10]    USCA Judgment, Docket No. 147, Olson v. Astrue, Civil Action No. 04cv3016
(JMR/RLE) (D.Minn. Oct. 23, 2007).

Appeals Council indicates that it relates to Civil Action No. 04cv3016, which addresses only the denial of Plaintiff's March 2002 disability application.  See supra, note 4.  Thus, the Court finds that the letter from the Appeals Council to Plaintiff does not create jurisdiction for review of the decision on Plaintiff's 2004 disability application.

In the Complaint before this Court, Plaintiff alleges the Appeals Council "wrongly interpreted the medical evidence" and "wrongly applied the law."  (Amended Complaint, ¶3, Docket No. 24).  Plaintiff also states:

> Plaintiff seeks relief in the form of benefit reinstatement, as benefits were terminated without a hearing and without medical evidence to show Plaintiff no longer disabled.  Plaintiff should have been allowed a 5-step evaluation from a disabled state and not as a "New Claim" as the Commissioner did, clearly a due process violation.

(Amended Complaint, ¶5, Docket No. 24.) Plaintiff complained of the Social Security Administration's termination of his benefits in his previous action in this Court.  See Report and Recommendation, supra note 5.  The Court found that because Plaintiff had not demonstrated a constitutional violation, or that the decision to terminate his benefits was constructively reopened, it lacked jurisdiction to review the 1998 termination of benefits.  Id.  The Court noted that Plaintiff had not provided any evidence that the Commissioner denied a request to reconsider the 1998 termination.  Id.

Defendant moves, pursuant to Federal Rule of Civil Procedure 12(b)(1), for dismissal of this action based on lack of jurisdiction.  Defendant contends the Appeals Council's letter is not a judicially reviewable final decision of the Commissioner.  Even if this Court treats Petitioner's letter to the Appeals Council as a request to reopen the ALJ's December 11, 2003 decision, Defendant asserts that the denial of a request to reopen is not subject to judicial review.

4

Defendant argues the only exception to the jurisdictional bar is where the denial of a petition to reopen is challenged on colorable constitutional grounds.  Furthermore, Defendant asserts Plaintiff has not explained the basis for his cursory assertion of a due process violation, and argues Plaintiff cannot show a procedural due process violation because a decision not to reopen is discretionary.

20 C.F.R. § 404.988 provides, in relevant part, that a decision may be reopened within four years of the date of the notice of the initial determination, "if we find good cause as defined in § 404.989, to reopen the case . . . "  20 C.F.R. § 404.989 provides, in relevant part, that "[w]e will find good cause to reopen if (1) [n]ew and material evidence is furnished . . . "  Plaintiff sought reconsideration of his claim based on new evidence that was addressed in the Report and Recommendation affirming the Commissioner's denial of Plaintiff's March 2002 disability application.  Thus, the Court construes Plaintiff's request for reconsideration as a petition to reopen that decision.

Section 205(g) of the Social Security Act, codified at 42 U.S.C. § 405(g), is the exclusive source of federal court jurisdiction over decisions of the Commissioner of Social Security on disability claims.  Jackson v. Astrue, 506 F.3d 1349, 1352-53 (11th Cir. 2007); Giacone v. Schweiker, 656 F.2d 1238, 1242 (7th Cir. 1981) (quoting Weinberger v. Salfi, 422 U.S. 749, 757 (1975).  42 U.S.C. § 405(g) provides for judicial review of "any final agency decision of the Commissioner of Social Security . . . " An ALJ's determination becomes the final agency decision when the Appeals Council denies review.  20 C.F.R. § 404.981; Grissom v. Barnhart, 416 F.3d 834, 836 (8th Cir. 2005).

In Califano v. Sanders, the United States Supreme Court held that section 205(g) of the

Social Security Act "cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits."  430 U.S. 99, 107-08 (1977). The Court noted that an exception exists in "rare instances where the Secretary's denial of a petition to reopen is challenged on constitutional grounds."  Id. at 109.

Plaintiff's allegation of a due process violation stems from the termination of his benefits in 1998.  The August 3, 2007 letter from the Appeals Council to Plaintiff does not appear to have anything to do with a request to reopen the 1998 decision to terminate his benefits.  Plaintiff has not demonstrated that he made a timely motion to reopen the 1998 decision, and that his request was denied as a result of a due process violation.  Thus, the Court lacks jurisdiction over such a claim.

This Court also lacks jurisdiction over Plaintiff's claim that the Appeals Council wrongly interpreted the medical evidence and wrongly applied the law.  The Appeals Council reviewed evidence submitted by Plaintiff, and, without comment on the merits of Plaintiff's claim, denied Plaintiff's request to reopen the decision on his March 2002 application.  (Letter, Attachment to Amended Complaint.)  Denial of a request to reopen is not a final agency decision pursuant to 42 U.S.C. § 405(g).  Califano, 430 U.S. at 107-08.  Therefore, this Court cannot review the agency's decision refusing to reopen Plaintiff's claim, unless Plaintiff alleges a colorable constitutional claim.  Plaintiff has not done so.

## III.  RECOMMENDATION

For the foregoing reasons, it is hereby recommended that:

1.      Defendant's Motion to Dismiss [Docket No. 39] be GRANTED for lack of jurisdiction;

2.      Plaintiff's collateral motions [Docket Nos. 27, 43] be summarily DENIED.

DATED: March 2, 2009                     _s/ Franklin L.  Noel_____
                                         FRANKLIN L. NOEL
                                         United States Magistrate Judge


        Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **March 19, 2009,** written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words.  A judge shall made a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.